**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  4:01-CR-408** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge Peter C. Economus** |
| | ) | |
| **BERNARD EVANS,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

On April 18, 2002, the Defendant, Bernard Evans, was sentenced to fifty-seven (57) months imprisonment, followed by three (3) years of supervised release, for conspiracy to transport stolen goods in interstate commerce, a Class D felony.  His supervised release commenced on June 2, 2006.

On or about May 14, 2009, the Defendant's probation officer submitted a violation report alleging the following violations of the terms of supervised release:

1. **Unauthorized Use of Drugs** : The offender tested positive for illicit drugs on four occasions, 03/18/2009, 04/01/2009, 04/06/2009, and 04/15/2009.

2. **Failure to Pay Restitution as Directed**: The offender to pay $401,346.00 restitution (joint and several). On 07/10/2008, the Court 1:01 CR 408-004 2 modified the conditions of supervised release setting the restitution payment rate at no less than $25.00 per month. The offender has failed to comply with this modified order.

The matter was referred to Magistrate Judge James S. Gallas to conduct the appropriate proceedings, except for sentencing, and to prepare a report and recommendation. Summons was issued for the Defendant to appear at a supervised release hearing on May 26, 2009. Based on the Defendant's failure to appear for the hearing, the Magistrate issued a bench warrant. The Defendant was arrested and appeared before the Magistrate for a violation hearing on May 28, 2009, and was represented by appointed counsel Donna Grill of the Office of the Federal Public Defender. Counsel established that the Defendant did not receive the initial summons. At the Defendant's request, the matter was continued until June 5, 2009.

On or about June 4, 2009, the probation officer submitted a supplemental information report and a superseding violation report alleging two additional positive drug tests:

> On 05/18/2009, the offender submitted a urine sample to the treatment provider, Fresh Start, Inc., which was sent directly to Kroll Laboratories. On 05/27/2009, Kroll Laboratories confirmed the sample was positive for cocaine. On 05/27/2009, the offender submitted a urine sample to the treatment provider, Fresh Start, Inc., which was sent directly to Kroll Laboratories. On 06/02/2009, Kroll Laboratories confirmed the sample was positive for opiates.

At the June 5, 2009, hearing, the Defendant was represented by counsel Edward Bryan, and admitted violations one and two as charged in the May 14, 2009, report. The Defendant did not admit to the additional violations charged in the June 4, 2009, supplemental report and superseding violation report. By agreement of the parties and the probation officer, the Defendant was released for continued supervision pending sentencing. The Magistrate has issued a report and recommendation, recommending that the Court find

that the Defendant has violated the terms of his supervised release.

On June 16, 2009, the probation officer submitted a second supplemental information report alleging additional positive drug tests:

> On 06/05/2009, following the initial appearance hearing, this officer advised the offender, in the presence of his attorney, to report to the U.S. Probation Office for a drug test. The offender admitted he had taken someone else's prescribed medication and would test positive. The offender produced a piece of this medication, and this officer secured it in a evidence bag. The offender could not give an accurate spelling of the medication but described that it has been used for the treatment of opiate dependance. Based on the offender's spelling of the medication and it's uses, this officer assumes the medication is suboxone. The offender submitted a urine sample which initially tested positive for opiates. The offender admitted he used the above described medication and heroin on 06/01/2009, and signed an Acknowledgment of Positive Drug Use Report. The sample was sent to Kroll Laboratories, Inc., for confirmation purposes and drug levels to be used as a benchmark to determine future use. However, according to Kroll Laboratories, there was excessive leakage during shipment and an insufficient amount of urine for testing.
>
> Records indicate the offender submitted a urine sample on 06/08/22009 to his treatment provider, Fresh Start, Inc., which was sent directly to Kroll Laboratories for testing. On 06/15/2009, Kroll Laboratories reported the sample was positive for morphine.
>
> On 06/15/2009, the offender reported to this office as directed and submitted a urine sample which instantly tested positive for opiates. The offender admitted he used the medication described above and heroin on 06/13/2009 and signed an Acknowledgment of Drug Use Report. based on the order from Magistrate Judge James S. Gallas, the offender was arrested by the United States Marshals Service and is currently detained awaiting the violation hearing before the Court.

The Court has reviewed the Magistrate's report and recommendation and finds that it is well-supported. The Defendant has admitted violations one and two as charged in the probation officer's May 14, 2009, violation report. As a result, the Court finds that the Defendant has violated the terms of his supervised release.

The Court has considered the statutory maximum sentence of two years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 8-14 months pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

The Court hereby **ADOPTS** the Magistrate's Report and Recommendation. (Dkt. # 351). Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is **REVOKED**, and the Defendant is sentenced to time served, followed by one year of supervised release terminating on June 1, 2010. The Defendant is not to be released from custody until his placement at Oriana House in Cleveland, Ohio, is secured.

**IT IS SO ORDERED.**

Issued: July 6, 2009             s/ Peter C. Economus
                                        PETER C. ECONOMUS
                                        UNITED STATES DISTRICT JUDGE